**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gilberto OROZCO–RODRIGUEZ, Defendant–Appellant.**

**No. 94–2040.**

United States Court of Appeals, Tenth Circuit.

July 24, 1995.

---

John J. Kelly, U.S. Atty., Judith A. Patton, Asst. U.S. Atty., Las Cruces, NM, for plaintiff-appellee.

Michael G. Katz, Federal Public Defender, Susan L. Foreman, Asst. Federal Public Defender, Denver, CO, for defendant-appellant.

Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

Following his entry of a guilty plea to the charge of possession of more than fifty kilograms of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), defendant-appellant Gilberto Orozco–Rodriguez was sentenced to forty-one months' imprisonment to be followed by four years of supervised release. On appeal, he challenges the length of supervised release imposed, and he claims the district court committed reversible error in denying his motions to reweigh the marijuana. We affirm.[1]

Defendant claims the weight of the marijuana used to calculate his sentence included the weight of the cellophane packaging material, contrary to U.S.S.G. § 2D1.1, application note 1 ("Mixture or substance does not include materials that must be separated from the controlled substance before [it] can be used."). He points out that various reports generated by the authorities list the weight of the marijuana as 202.1 pounds, 208 pounds

---

**1.** After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

and 221 pounds. He argues that the district court abused its discretion in denying his presentence motions to reweigh the marijuana, and misapplied U.S.S.G. § 2D1.1 by basing defendant's sentence on an incorrect weight of marijuana.

■ A sentencing court's application of law is reviewed de novo, and its factual findings are reviewed for clear error. *United States v. Glover*, 52 F.3d 283, 284–85 (10th Cir.1995). We review the district court's decision to deny defendant's motion to reweigh the evidence for abuse of discretion. *United States v. Gonzalez–Acosta*, 989 F.2d 384, 390 (10th Cir.1993). "In order to impose a sentence based on a quantity of drugs, the trial court's factual findings must be determined by a preponderance of the evidence." *United States v. Molina–Cuartas*, 952 F.2d 345, 348 (10th Cir.1991), *cert. denied*, 503 U.S. 995, 112 S.Ct. 1698, 118 L.Ed.2d 408 (1992).

■ Defendant's sentence was based on U.S.S.G. § 2D1.1, which assigns offense levels based on the type and quantity of controlled substance involved. The same base offense level applies whether the defendant's offense involved more than eighty or less than one hundred kilograms of marijuana. *Id.* § 2D1.1(c)(8). Therefore, to affect defendant's sentence, the marijuana's weight would have to drop to eighty kilograms or below.

Defendant's sentence was based on a weight of 202.1 pounds, or 91.9 kilograms, after adopting the lower gross weight of 208 pounds and adjusting that weight for packaging. Accordingly, to bring the weight of the marijuana below eighty kilograms, the cellophane packaging must have weighed an additional 11.9 kilograms, or roughly twenty-six pounds. Adding that to the six pounds previously subtracted for packaging results in a total of thirty-four pounds of cellophane.

Defendant has never alleged that the wrapping materials weighed as much as thirty-four pounds. The district court found no reason to believe the weight of the wrapping materials was enough to set the weight of the marijuana below the eighty kilogram level to make defendant eligible for a lower sentence. *Cf. Gonzalez–Acosta*, 989 F.2d at 390 (even under defendant's theory that marijuana ac-

tually weighed less than stipulated weight, no sentencing error occurred; defendant's sentence was within guideline range for lower offense level); *Molina–Cuartas*, 952 F.2d at 348 (even defendant's estimates for weight of packaging did not place defendant in lower category under U.S.S.G. § 2D1.1). We conclude the district court did not abuse its discretion in denying defendant's motions to reweigh the evidence. Further, we hold that a preponderance of the evidence supports the finding that the net weight of the marijuana was more than eighty kilograms.

■ We next address defendant's claim that the period of supervised release imposed, four years, exceeded the maximum permitted under the relevant statutes. Because defendant did not object to the supervised release term at the sentencing hearing, we review this claim for plain error. *See United States v. Alessandroni*, 982 F.2d 419, 420 (10th Cir.1992). "However, the imposition of a sentence based on an erroneous interpretation of the law constitutes plain error." *Id.* Thus our review is de novo. *See United States v. Wyne*, 41 F.3d 1405, 1407 (10th Cir.1994).

Defendant maintains three years is the maximum period of supervised release because his conviction was for a Class C felony, 18 U.S.C. § 3559(a)(3), which carries a maximum of three years' supervised release pursuant to 18 U.S.C. § 3583(b)(2). Defendant's sentence is governed by 21 U.S.C. § 841(b)(1)(C) which provides, "[a]ny sentence imposing a term of imprisonment under this paragraph shall, in the absence of [a] prior conviction, impose a term of supervised release of at least 3 years in addition to such term of imprisonment...."

When Congress enacted the Anti–Drug Abuse Act of 1986, it amended 18 U.S.C. § 3583(b), the general statute authorizing supervised release terms, to add the phrase, "[e]xcept as otherwise provided." *United States v. Eng*, 14 F.3d 165, 172–73 (2d Cir.), *cert. denied*, ⎯ U.S. ⎯, 115 S.Ct. 54, 130 L.Ed.2d 13 (1994); *United States v. LeMay*, 952 F.2d 995, 998 (8th Cir.1991). At the same time, Congress enacted 21 U.S.C. § 841(b), which requires minimum terms of supervised release for offenses enumerated therein, including a three-year minimum for defendant's conviction. The phrase "[e]xcept

**708**

as otherwise provided" was added to § 3583(b) so that section would not conflict with § 841(b). *United States v. Mora*, 22 F.3d 409, 412 (2d Cir.1994); *LeMay*, 952 F.2d at 998; *see Prince v. United States*, 46 F.3d 17, 19 (6th Cir.1995). We are aware of cases holding that supervised release terms imposed under § 841(b) are constrained by § 3583(b), *see United States v. Good*, 25 F.3d 218, 221 (4th Cir.1994); *United States v. Kelly*, 974 F.2d 22, 24–25 (5th Cir.1992), but we do not adopt that approach because it does not account for the addition of the phrase, "[e]xcept as otherwise provided," to § 3583(b). Accordingly, we hold § 3583(b)(2) does not limit to three years the supervised release term imposed under § 841(b)(1)(C).

Our holding does not conflict with *United States v. Padilla*, 947 F.2d 893 (10th Cir. 1991), or *United States v. Esparsen*, 930 F.2d 1461 (10th Cir.1991), *cert. denied*, 502 U.S. 1036, 112 S.Ct. 882, 116 L.Ed.2d 786 (1992). In both cases, the government conceded that the period of supervised release exceeded the statutory maximum. Consequently, neither case required resolution of the issue argued here. *See Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1184 (10th Cir.1995) ("Dicta are statements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand." (quotation omitted)).

Applying the law to this case, § 841(b)(1)(C) requires a minimum three-year term of supervised release. Section 3583(b) does not limit supervised release terms where "otherwise provided." U.S.S.G. § 5D1.2(a) provides, "[i]f a defendant is convicted under a statute that requires a term of supervised release, the term shall be at least three years but not more than five years, or the minimum period required by statute, whichever is greater." Therefore, the sentencing court's imposition of a four-year term of supervised release was not error.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.