**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 27 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

vs.

CHANDLER ALLEN INGERSOLL,

     Defendant - Appellant.

No. 96-8048
(D.C. No. 95-CR-100-2)
(D. Wyo.)

ORDER AND JUDGMENT[*]

Before BRORBY, EBEL, and KELLY, Circuit Judges.[**]

Mr. Ingersoll appeals from the district court's judgment entered on a guilty plea to one count of conspiracy to possess with intent to distribute and distribution of methamphetamine and marijuana. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. Mr. Ingersoll was sentenced to 70 months imprisonment and four years of supervised release. Mr. Ingersoll now appeals.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Pursuant to <u>Anders v. California</u>, 386 U.S. 738, 744 (1967), Mr. Ingersoll's counsel submitted a brief advising the court that his case is frivolous and requesting permission to withdraw. <u>Anders</u> instructs that such a brief must refer to "anything in the record that might arguably support the appeal." <u>Id.</u> Consistent with this requirement, counsel identified the following arguments which Mr. Ingersoll wished to raise on appeal: (1) the district court's use of his prior criminal history to increase his sentence for the present offense violated the Double Jeopardy Clause; (2) the federal government did not have jurisdiction under the Commerce Clause to prosecute for purely intrastate trafficking; (3) the district court's finding that the drug conspiracy involved 291 grams of methamphetamine was clearly erroneous; (4) the federal prosecution was vindictive; and (5) he was denied effective assistance of counsel. In addition, counsel also identified an additional issue which might arguably support Mr. Ingersoll's appeal—whether the district court incorrectly calculated his sentence under the guidelines. A copy of counsel's brief was furnished to Mr. Ingersoll, and he was given the opportunity to raise any additional points. He did not respond. Based on our own independent examination of all the proceedings, we conclude that each of Mr. Ingersoll's claims is without merit. Exercising our jurisdiction under 28 U.S.C. § 1291, we grant counsel's motion to withdraw and affirm Mr. Ingersoll's conviction.

Discussion

As an initial matter, we note that we have previously held that federal prisoners should present their claims of ineffective assistance of counsel in a first petition filed under 28 U.S.C. § 2255, rather than on direct appeal. United States v. Galloway, 56 F.3d 1239, 1242 (10th Cir. 1995). While we have noted exceptions to this rule for those "rare claims which are fully developed in the record [which] may be brought either on direct appeal or in collateral proceedings," id., this is not such a case. Because Mr. Ingersoll's ineffective assistance claim is not ripe for review, we will not consider it.

We review the district court's legal conclusions regarding the application and interpretation of sentencing guidelines de novo, while the district court's factual determinations are reviewed for clear error. United States v. Murray, 82 F.3d 361, 363 (10th Cir. 1996). We review constitutional challenges de novo. United States v. Bolton, 68 F.3d 396, 398 (10th Cir. 1995), cert. denied, 116 S. Ct. 966 (1996).

## I.    Double Jeopardy

Mr. Ingersoll claims that the district court's use of his three prior felony convictions violated the Double Jeopardy Clause because it placed him in a higher criminal history category and greatly increased his sentencing status. In Witte v. United States, 115 S. Ct. 2199 (1995), the Supreme Court noted that the criminal history provisions of the sentencing guidelines "are sentencing enhancement regimes evincing the judgment that a particular offense should receive a more serious sentence within the

authorized range if it was either accompanied by or preceded by additional criminal activity." Id. at 2208. Thus, "where the legislature has authorized such a particular punishment range for a given crime, the resulting sentence within that range constitutes punishment only for the offense of conviction." Id. See United States v. Koonce, 945 F.2d 1145, 1146 (10th Cir. 1991), cert. denied, 503 U.S. 998 (1992). Mr. Ingersoll's sentence was within the range authorized for the crime to which he pled guilty. Thus, the district court's use of Mr. Ingersoll's prior criminal history for the purpose of sentencing enhancement did not violate the Double Jeopardy Clause.

## II.    Commerce Clause

Mr. Ingersoll claims that his prosecution under the Controlled Substances Act was constitutionally invalid because Congress does not have the power under the Commerce Clause to regulate purely intrastate drug trafficking. We recently rejected this argument in United States v. Wacker, 72 F.3d 1453, 1475 (10th Cir. 1996), in which we reaffirmed the constitutionality of the Controlled Substances Act in light of United States v. Lopez, 514 U.S. 549 (1995). We noted that in contrast to the Gun-Free School Zones Act struck down in Lopez, in enacting the Controlled Substances Act, Congress made explicit findings explaining drug-trafficking's "substantial and direct effect upon interstate commerce." Wacker, 72 F.3d at 1475 (quoting 21 U.S.C. §§ 801(3) - (6)). Therefore, because Congress has "extensive" commerce powers and "may regulate purely intrastate

activities that affect interstate commerce," United States v. Janus Indus., 48 F.3d 1548, 1555 (10th Cir.), cert. denied, 116 S. Ct. 87 (1995), Mr. Ingersoll can be prosecuted under the Controlled Substances Act even though his drug activities took place entirely intrastate.

III.     Relevant Conduct Assessment

Mr. Ingersoll argues that the district court's relevant conduct factual finding was clearly erroneous. He did not challenge this finding before the district court, however. Failure to object to facts in a presentence report, or failure to object at the sentencing hearing, acts as an admission of those facts by the defendant. United States v. Deninno, 29 F.3d 572, 580 (10th Cir. 1994), cert. denied, 115 S. Ct. 1117 (1995). Whether the conspiracy involved 291 grams of methamphetamine was a factual determination at sentencing, and would have been reviewed for clear error had Mr. Ingersoll properly made an objection. Since he did not object, however, we review only for plain error, and factual disputes not raised before the district court do not rise to the level of plain error. Id.; United States v. Saucedo, 950 F.2d 1508, 1518 (10th Cir. 1991).

IV.     Prosecutorial Vindictiveness

Mr. Ingersoll believes that because eight months passed between being questioned by federal officials and being indicted, during which time he was a model citizen, the

government's decision to indict him was motivated by prosecutorial vindictiveness. When faced with a claim for prosecutorial vindictiveness, we inquire "whether, as a practical matter, there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or punitive animus towards the defendant because he exercised [a] specific legal right." United States v. Wall, 37 F.3d 1443, 1448 (10th Cir. 1994) (quotations omitted). The record contains no evidence that Mr. Ingersoll exercised any particular legal right by not breaking the law between being questioned and being indicted. Nor does it indicate any evidence of hostility or punitive animus on the part of the government. Therefore, Mr. Ingersoll's claim of prosecutorial vindictiveness is without merit.

## V.    Sentencing Calculations

Mr. Ingersoll's counsel indicated that a possible grounds for appeal might be an erroneous sentencing calculation by the district court. Because Mr. Ingersoll raised no substantive challenges to the sentencing calculations in the presentence report and did not challenge their adoption by the district court, we review for plain error. United States v. Jones, 80 F.3d 436, 438 (10th Cir.), cert. denied, 117 S. Ct. 139 (1996). Since he did not object to the court's factual findings, they do not rise to the level of plain error. Deninno, 29 F.3d at 580. A sentence imposed based on an erroneous interpretation of the law,

however, will constitute plain error.  <u>United States v. Orozco-Rodriguez</u>, 60 F.3d 705, 707 (10th Cir. 1995); <u>United States v. Alessandroni</u>, 982 F.2d 419, 420 (10th Cir. 1992). Mr. Ingersoll's counsel identifies no erroneous interpretations of the law on the part of the district court, and our independent review of the record reveals no such legal error.

AFFIRMED.  Defense Counsel's motion to withdraw is GRANTED.  The mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge