UNITED STATES of America,
Plaintiff,

v.

James MOSS, Defendant.

No. 89–20081–08–KHV.

United States District Court,
D. Kansas.

Feb. 16, 2001.

Leon J. Patton, Office of United States Attorney, Kansas City, KS, for U.S.

James Moss, Anothony, NM, Pro se.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter comes before the Court on defendant's Petition Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. # 514) filed November 17, 2000. For reasons set forth below, defendant's motion is overruled.

1. Defendant was also charged in Counts 2, 3 and 9 of the indictment, but the government dismissed those counts at the close of its case. See Courtroom Minute Sheet (Doc. # 183) filed January 4, 1990.

## Factual Background

On October 18, 1989, a grand jury returned a sixteen-count indictment. See Indictment (Doc. # 55). Count 1 charged defendant with conspiracy to possess cocaine base with the intent to distribute in violation of 21 U.S.C. § 846. Count 6 charged defendant with possession of cocaine base with the intent to distribute within 1000 feet of a public school in violation of 21 U.S.C. § 845a(a) (now codified at 21 U.S.C. § 860).[1]

On January 4, 1990, a jury convicted defendant on Counts 1 and 6. See Verdict (Doc. # 192) filed January 4, 1990. The Court did not require the jury to make any finding as to the drug quantities involved in each count. At sentencing, the Court enhanced defendant's sentence two levels for possession of a firearm. See Transcript Of Sentencings Of William Daniel Nelson, Harvey D. Curry, Dana Nelson, Burlon Davis and James Moss (Doc. # 334) filed June 29, 1990 at 52–53. The Court also found that the quantity of cocaine base to determine defendant's base offense level was 500 grams.[2] See Sentencing Memorandum (Doc. # 315) filed May 25, 1990 at 11–12. Defendant's total offense level was 38 with a criminal history category I, which resulted in an applicable sentencing range of 235 to 293 months. On each count, the Court sentenced defendant to a term of imprisonment of 235 months and a term of supervised release of six years, with the sentences to be served concurrently. See Judgment Including Sentence (Doc. # 265) filed April 10, 1990. Defendant appealed his conviction and the Tenth Circuit affirmed. See *United States*

2. Pursuant to U.S.S.G. § 2D1.4, Application Note 2, the Court approximated the quantity of cocaine base involved because "the amount of drug seized [did] not reflect the scale of the offense." See Transcript Of Sentencings (Doc. # 334) at 53.

*v. Nelson, et al.*, 941 F.2d 1213, 1991 WL 163061 (10th Cir. Aug. 23, 1991), cert. denied, 502 U.S. 1044, 112 S.Ct. 902, 116 L.Ed.2d. 803 (1992).

On November 17, 2000, defendant filed the instant motion pursuant to 28 U.S.C. § 2255. Defendant claims that his conviction should be vacated and that he should be resentenced in light of the Supreme Court decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In particular, defendant argues that the jury, not the Court, should have determined the amount of cocaine base involved and whether defendant possessed a firearm.[3]

### Analysis

## I. Procedural Bar

### A. Whether Defendant's Claim Is Precluded By Teague

■ The government argues that Apprendi should not apply to cases on collateral review. Under *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), only two types of new rules may be applied retroactively to cases on collateral review: (1) a rule which places "certain kinds of primary, private individual conduct beyond the power of the criminal lawmaking authority to proscribe," and (2) a watershed constitutional rule of criminal procedure which requires the observance of "those procedures that ... are implicit in the concept of ordered liberty." *Id.* at 307, 311, 109 S.Ct. 1060 (quoting *Mackey v. United States*, 401 U.S. 667, 91 S.Ct. 1160, 28 L.Ed.2d 404 (1971)). A rule that qualifies under the "watershed" exception "must not only improve accuracy, but also 'alter our understanding of the bedrock procedural elements' essential to the fair-

ness of a proceeding." *Sawyer v. Smith*, 497 U.S. 227, 242, 110 S.Ct. 2822, 111 L.Ed.2d 193 (1990) (quoting *Teague*, 489 U.S. at 311, 109 S.Ct. 1060). "The scope of the Teague exceptions must be consistent with the recognition that '[a]pplication of constitutional rules not in existence at the time a conviction became final seriously undermines the principle of finality which is essential to the operation of our criminal justice system.'" *Sawyer*, 497 U.S. at 242, 110 S.Ct. 2822 (quoting *Teague*, 489 U.S. at 309, 109 S.Ct. 1060).

■ Apprendi clearly presents a "new" rule of constitutional criminal procedure. See *United States v. Heckard*, 238 F.3d 1222, 1234 (10th Cir.2001). The first Teague exception does not apply, however, because Apprendi did not place certain kinds of conduct beyond the power of the criminal law-making authority to proscribe. As to the second Teague exception for watershed rules of criminal procedure, numerous federal courts have held that Apprendi does not satisfy this exception. See *Jones v. Smith*, 231 F.3d 1227, 1236 (9th Cir. 2000); *Levan v. United States*, 128 F.Supp.2d 270, 278 (E.D.Pa.2001); *Panoke v. United States*, —— F.Supp.2d ——, 2001 WL 46941, at *3 (D.Hawai'i Jan. 5, 2001); *United States v. Brown*, 2000 WL 1880280, at *4 (N.D.Tex. Dec. 28, 2000); *Klein v. United States*, 125 F.Supp.2d 460 (D.Wyo. 2000); *United States v. Gibbs*, 125 F.Supp.2d 700, 707 (E.D.Pa.2000); *United States v. Johnson*, 126 F.Supp.2d 1222, 1225 (D.Neb.2000); *Ware v. United States*, 124 F.Supp.2d 590, (M.D.Tenn.2000); *United States v. Joseph*, 2000 WL 1789989 (E.D.La. Dec. 5, 2000); *West v. United States*, 123 F.Supp.2d 845 (D.Md.2000);

---

**3.** Defendant also argues that the Court improperly enhanced his sentence for restraint of a victim. See U.S.S.G. § 3A1.3. At sentencing, however, the Court sustained defendant's objection on this issue and did not enhance his sentence for restraint of a victim. See Transcript Of Sentencings (Doc. # 334) at 52; Sentencing Memorandum (Doc. # 315) at 16–17.

*United States v. Pittman,* 120 F.Supp.2d 1263 (D.Or.2000). Only two federal district courts and one state appellate court have held to the contrary. See *Darity v. United States,* 124 F.Supp.2d 355, 359–60 (W.D.N.C.2000); *United States v. Murphy,* 109 F.Supp.2d 1059, 1064 (D.Minn. 2000); *People v. Beachem,* 317 Ill.App.3d 693, 251 Ill.Dec. 308, 740 N.E.2d 389, 397 (2000).

The Court agrees with the reasoning of those courts which have found that Apprendi does not qualify as a watershed rule of criminal procedure. Apprendi announced two new rules of criminal procedure: (1) other than the fact of a prior conviction, the jury, not the judge, must determine any facts that increase the penalty for a crime beyond the statutory maximum and (2) the jury must find such facts beyond a reasonable doubt. See *Apprendi,* 120 S.Ct. at 2362–63, 120 S.Ct. 2348. These rules do not alter our basic understanding of the bedrock procedural requirements essential to a fair proceeding (such as the right to counsel). See *Saffle v. Parks,* 494 U.S. 484, 495, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990) (citing *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), to illustrate type of rule within watershed exception); *Levan,* at 278 ("Shifting an element of the offense from jury to judge and utilizing a preponderance rather than a beyond a reasonable doubt standard does not implicate fundamental fairness or relate to the accuracy of the conviction or sentence."); see also *O'Dell v. Netherland,* 521 U.S. 151, 167, 117 S.Ct. 1969, 138 L.Ed.2d 351 (1997) (defendant's right to advise capital sentencing jury about parole eligibility not watershed rule); *Lambrix v. Singletary,* 520 U.S. 518, 539–40, 117 S.Ct. 1517, 137 L.Ed.2d 771 (1997) (defendant's right not to have jury consider certain aggravating circumstances not watershed rule); *Sawyer,* 497 U.S. at 244, 110 S.Ct. 2822 (procedural enhancement to accuracy of capital sentencing announced in *Caldwell v. Mississippi,* 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985) not watershed rule); *Andrews v. Deland,* 943 F.2d 1162, 1187 (10th Cir.1991) (constitutional right to lesser included offense instruction in capital cases not watershed rule).

In Teague, Justice O'Connor explained the extremely limited nature of the exception for watershed rules of criminal procedure:

> Finally, we believe that Justice Harlan's concerns about the difficulty in identifying both the existence and the value of accuracy-enhancing procedural rules can be addressed by limiting the scope of the second exception to those new procedures without which the likelihood of an accurate conviction is seriously diminished.
>
> Because we operate from the premise that such procedures would be so central to an accurate determination of innocence or guilt, we believe it unlikely that many such components of basic due process have yet to emerge. We are also of the view that such rules are "best illustrated by recalling the classic grounds for the issuance of a writ of habeas corpus—that the proceeding was dominated by mob violence; that the prosecutor knowingly made use of perjured testimony; or that the conviction was based on a confession extorted from the defendant by brutal methods." *Rose v. Lundy,* 455 U.S. 509, 544, 102 S.Ct. 1198, 1216–1217, 71 L.Ed.2d 379 (1982) (STEVENS, J., dissenting) (footnotes omitted).

*Teague,* 489 U.S. at 313–14, 109 S.Ct. 1060.

The Tenth Circuit has not decided whether Apprendi should be applied retroactively to cases on collateral review, but it has reviewed such claims on direct appeal only for "plain error." See *United States v. Keeling,* 235 F.3d 533, 538 (10th Cir.

2000). The plain error standard applies "[w]here the law was settled at the time of trial, [but] clearly contrary to the law on appeal." *Id.* The Tenth Circuit has noted that it will "exercise its discretion and notice such error where it either (a) results in the conviction of one actually innocent, or (b) seriously affects the fairness, integrity or public reputation of judicial proceedings." *Keeling,* 235 F.3d at 538 (quotation marks, alteration, and citations omitted). Other Circuits have also reviewed Apprendi claims under a plain error or harmless error standard. See, e.g., *United States v. Parolin,* 239 F.3d 922, 929 (7th Cir.2001); *United States v. Baltas,* 236 F.3d 27, 40 (1st Cir.2001); *United States v. Kinter,* 235 F.3d 192, 198 (4th Cir.2000); *United States v. Gerrow,* 232 F.3d 831, 833 (11th Cir.2000). The standard for plain error review (i.e. errors that seriously affect the fairness of a proceeding) is similar to the requirements of a watershed principle under Teague (i.e. rules that alter our understanding of procedural elements essential to the fairness of a proceeding). See *Pittman,* 120 F.Supp.2d at 1270–71. To date, very few cases have been reversed on direct appeal, which supports the Court's conclusion here that Apprendi is not a "watershed" rule of criminal procedure.[4] See *id.*

### B. Failure To Raise Claim On Direct Appeal

▪ The government next argues that defendant's Apprendi claims are procedurally barred because he failed to raise them on direct appeal. "[Section] 2255 is not available to test the legality of matters which should have been raised on appeal." *United States v. Allen,* 16 F.3d 377, 378

(10th Cir.1994) (quoting *United States v. Walling,* 982 F.2d 447, 448 (10th Cir. 1992)). Defendant is precluded from raising issues in a Section 2255 petition which were not raised on direct appeal "unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *Allen,* 16 F.3d at 378. Defendant has not satisfied any of these exceptions.

▪ To the extent defendant contends that he did not raise his Apprendi claim at trial or on direct appeal because of a lack of precedent, the Court finds that such an explanation does not constitute "cause" for his procedural default. The Court agrees substantially with the reasoning of the Seventh Circuit:

Nonetheless, the lack of precedent for a position differs from "cause" for failing to make a legal argument. Indeed, even when the law is against a contention, a litigant must make the argument to preserve it for later consideration. See *Bousley v. United States,* 523 U.S. 614, 622–24, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Engle,* 456 U.S. at 130 n. 35, 102 S.Ct. 1558 (that a legal argument would have been unpersuasive to a given court does not constitute "cause" for failing to present that argument). "Cause" means some impediment, and Smith does not contend that any outside force impeded his legal defense in 1992. (Nor does he contend that counsel was ineffective for failure to anticipate Apprendi; no such argument would be tenable.) The lack of any reasonable legal basis for a claim

---

4. The Court recognizes that in her dissent in Apprendi, Justice O'Connor stated that the ruling "will surely be remembered as a watershed change in constitutional law." *Apprendi,* 120 S.Ct. at 2380. The Court does not read this statement as a finding that Apprendi should be applied retroactively to cases on collateral review, particularly in light of Justice O'Connor's explanation in Teague of the limited scope of cases which fall within the "watershed" exception. See *Teague,* 489 U.S. at 313–14, 109 S.Ct. 1060.

may constitute "cause," see *Reed v. Ross*, 468 U.S. 1, 16, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984), but the foundation for Apprendi was laid long before 1992. Other defendants had been making Apprendi-like arguments ever since the Sentencing Guidelines came into being, and in *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), the Court addressed on the merits an argument along similar lines. Smith could have invoked the themes in McMillan, and for that matter *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), just as the Justices themselves did in Apprendi. See *Garrott v. United States*, No. 99–2921, [2001 WL 71075] (7th Cir. Jan. 30, 2001). Thus Smith has not established cause; and for the same reason that he could not show plain error (if that were the right standard) he cannot show prejudice either.

*United States v. Smith*, 241 F.3d 546, 2001 WL 111590 (7th Cir. Feb. 8, 2001).

■■ Defendant also has not demonstrated "prejudice," i.e. the alleged error "worked to his actual and substantial disadvantage, infecting his entire [sentence] with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). As explained below, defendant's terms of imprisonment and supervised release would be identical if the Court applied Apprendi to his sentence. Apprendi would alter only defendant's term of supervised release on Count 1, but that change would be immaterial because his term of supervised release on Count 6 would remain the same. See infra, Section II. Accordingly, defendant cannot establish that the failure to let the jury decide certain sentencing issues worked to his actual and substantial disadvantage.

■■■ Finally, defendant has not satisfied the exception for a "fundamental miscarriage of justice." The Supreme Court has held that this exception applies only if one is actually innocent. See *Bousley*, 523 U.S. at 623, 118 S.Ct. 1604. Initially, the Court doubts that the actual innocence exception can be applied to noncapital sentences. See *United States v. Richards*, 5 F.3d 1369, 1371 (10th Cir.1993) ("a person cannot be actually innocent of a noncapital sentence"). In any event, defendant has not shown that he is actually innocent of the charges which are the basis of the sentence enhancements. Here, after a trial and an evidentiary hearing on the issue, the Honorable Earl E. O'Connor thoroughly explained why he chose 500 grams as the amount of cocaine base to calculate defendant's base offense level. See Sentencing Memorandum (Doc. # 315) at 8–12. Indeed, Judge O'Connor noted that 500 grams was a conservative estimate and that the total easily exceeded 500 grams. See *id.* at 11; see also Presentence Report ¶¶ 50–52 (conspirators can be shown to have trafficked in more than 500 grams by any one of a number of analyses). Likewise Judge O'Connor noted that ample evidence supported the two level enhancement for possession of a firearm. See Transcript Of Sentencings Of William Daniel Nelson, Harvey D. Curry, Dana Nelson, Burlon Davis and James Moss (Doc. # 334) filed June 29, 1990 at 52–53; Presentence Report ¶ 59 (several witnesses testified before grand jury that Moss possessed firearm while selling cocaine base and several co-conspirators possessed firearms during drug trafficking conspiracy). Because defendant cannot show that no reasonable jury would have reached the same conclusion as the sentencing judge, he cannot establish that failure to review his claim would result in a fundamental miscarriage of justice.

Based on this additional procedural bar, defendant's motion is overruled.

## II. Relief Under Apprendi Absent A Procedural Bar

 Even if the Court were to evaluate the merits of defendant's petition, defendant would be entitled to very limited relief—a change in his term of supervised release on Count 1 which would be immaterial because defendant's identical term of supervised release on Count 6 would remain unchanged. The standard of review of Section 2255 petitions is quite stringent. The court presumes that the proceedings which led to defendant's conviction were correct. See *Klein v. United States*, 880 F.2d 250, 253 (10th Cir.1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974).

On Counts 1 and 6, the Court sentenced defendant to a term of imprisonment of 235 months. On Count 1, defendant was charged and convicted by a jury under 21 U.S.C. § 841(a) and 21 U.S.C. § 846, which do not require a specific quantity of drugs as an element of the offense. Although defendant was also charged in Count 1 with possession of a certain amount of crack cocaine (a fact which the jury did not decide), the jury did find defendant guilty beyond a reasonable doubt on the necessary elements for a violation of 21 U.S.C. § 841(a) and 21 U.S.C. § 846. The statutory maximum for an offense under Sections 841(a) and 846 is 240 months. See 21 U.S.C. § 841(b)(1)(C). Also, the government did not have to prove a specific quantity of drugs to sustain defendant's conviction on Count 6 under 21 U.S.C. § 845a(a). The statutory maximum for an offense under Section 845a(a) is 480 months. Because defendant's term of imprisonment on both counts is less than the statutory maximum, it must stand under Apprendi. The Tenth Circuit recently explained:

Accordingly, we find that the indictment was legally sufficient and that Mr. Thompson's sentence, because it falls within the minimum statutory range set forth in 21 U.S.C. § 841(b)(1)(C), is supported by the facts alleged and proven. In so doing, we join several of our sister circuits, which have made similar findings. For example, the Fifth Circuit has held that where a defendant is charged under 21 U.S.C. § 841(a), found guilty beyond a reasonable doubt, and sentenced within the minimum statutory range of 0–20 years, there is no Apprendi violation for a failure to charge and prove the amount of drugs involved. Further, the court held that, where a non-jury factual determination is used to enhance a sentence within the minimum statutory range, Apprendi is not violated. *United States v. Meshack*, 225 F.3d 556, 576 (5th Cir.2000); accord *United States v. Hernandez–Guardado*, 228 F.3d 1017, 1027 (9th Cir.2000) (holding that a fact enhancing a defendant's sentence within a minimum statutory range does not trigger Apprendi and need not be decided by a jury applying the reasonable doubt standard); *United States v. Corrado*, 227 F.3d 528, 542 (6th Cir. 2000) (same); *United States v. Aguayo–Delgado*, 220 F.3d 926, 933–34 (8th Cir. 2000) (holding that it is not a violation of Apprendi for a judge-found fact to alter a defendant's sentence for violating 21 U.S.C. § 841(a) so long as that alteration remains within the minimum statutory range established by 21 U.S.C. § 841(b)(1)(C)).

*United States v. Thompson*, 237 F.3d 1258, 1262 (10th Cir.2001).

The closer question is whether Apprendi would afford defendant any relief on his term of supervised release. On each count, the Court sentenced defendant to a term of supervised release of six years, with the sentences to be served concur-

rently. At the time of sentencing, the Sentencing Guidelines provided: "[i]f a defendant is convicted under a statute that requires a term of supervised release, the term shall be at least three years but not more than five years, or the minimum period required by statute, whichever is greater." U.S.S.G. § 5D1.2(a) (1989). On Count 1, absent a jury finding beyond a reasonable doubt of a certain quantity of drugs, the minimum term of supervised release is three years and the maximum term is five years. See *United States v. Orozco–Rodriguez*, 60 F.3d 705, 707–08 (10th Cir.1995). If Apprendi applied retroactively, defendant would therefore be entitled to a reduction in his term of supervised release on Count 1 from six years to five years. On Count 6, however, the minimum term of supervised release provided by statute is six years. See 21 U.S.C. § 845a(a). Defendant therefore would not be entitled to a reduction in his term of supervised release on Count 6.

In sum, defendant's request for relief based on Apprendi is barred because the rules announced in Apprendi do not apply retroactively to cases on collateral review and defendant did not raise an Apprendi-type challenge at trial or on direct appeal. The files and records in this case conclusively show that defendant is not entitled to any relief. Accordingly, no evidentiary hearing is required. No hearing is required where the factual matters raised by defendant's Section 2255 petition may be resolved on the record before the Court. See *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir.1988).

**IT IS THEREFORE ORDERED** that defendant's Petition Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. # 514) filed November 17, 2000 be and hereby is **OVERRULED.** The clerk is directed to forward a copy of this Memorandum and Order to defendant and the office of the United States Attorney.