Francisco VÁZQUEZ, Petitioner,

v.

UNITED STATES of America, Respondent.

No. CIV. 01–1600(HL).
No. Crim. 98–189(HL).

United States District Court, D. Puerto Rico.

May 31, 2001.

Francisco Vazquez, Fort Dix, NJ, Pro se.

Nelson J. Perez–Sosa, U.S. Attorney's Office District of P.R., Criminal Division, Hato Rey, PR, for USA, defendants.

1. Crim. no. 98–189(HL), docket nos. 170 & 385.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court is Francisco Vázquez' *pro se* petition for postconviction relief pursuant to 28 U.S.C. § 2255. In his criminal case, he agreed to plead guilty to count two of the second superseding indictment, which charged him with violating 21 U.S.C. §§ 952(a) and 963.[1] He was sentenced on November 4, 1999, to a term of seventy months.[2] Vázquez did not appeal his sentence. The present petition was filed on May 8, 2001.

Because Vázquez is appearing *pro se,* the Court broadly construes normal pleading requirements. *See United States v. Michaud,* 925 F.2d 37, 41 (1st Cir.1991). Vázquez makes three claims: that he was punished for unconvicted crimes, that his indictment suffered from a jurisdictional defect, and that he was sentenced for drug quantities not specified in the indictment. To support his second and third claims, he relies on the Supreme Court's recent opinion in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Before the Court addresses the merits of these arguments, it must first determine whether Vázquez' petition is timely. It was filed on May 8, 2001. His criminal case became final more than a year earlier on November 4, 1999. Under the amendments to section 2255 in the Antiterrorism and Effective Death Penalty Act of 1996, there is a one-year period during which a petition for post-conviction relief may be filed. This period runs from the latest of (1) the date on which the prisoner's judgment of conviction became final; (2) the date on which any government-created impediment to filing his petition was removed; (3) the date on which the right

2. Crim. no. 98–189(HL), docket no. 665.

asserted was recognized by the Supreme Court; or (4) the date on which the facts supporting the claim "could have been discovered through the exercise of due diligence." 28 U.S.C.A. § 2255 (West Supp. 2000).

■ With regard to Vázquez' claim that he was punished for unconvicted crimes, if this one-year filing period is measured from the date in 1999 when Vázquez's conviction became final, then this claim is time-barred. There is no evidence of a government-created impediment which prevented Vázquez from filing this claim earlier, and the claim is not based on a right recently recognized by the Supreme Court. Nor does he argue that there were facts supporting this claim that he could only have discovered through due diligence in the year prior to the date he filed this petition. Thus, this claim is time-barred.

■ Vázquez' claims relying on *Apprendi* do not fare any better. He argues that the rule in *Apprendi* should be applied retroactively. Unfortunately for Vázquez, the case law on this matter does not support him. The Court is unaware of a First Circuit decision on whether an initial section 2255 petition may invoke *Apprendi* retroactively.[3] However, at least one other court of appeals and numerous district courts have held that the rule is not retroactive in this situation. *See United States*

*v. Sanders*, 247 F.3d 139, 146–51 (4th Cir. 2001); *United States v. Moss*, 137 F.Supp.2d 1249 (D.Kan.2001); *United States v. Latney*, 131 F.Supp.2d 31, 33–34 (D.D.C.2001); *United States v. Goode*, 143 F.Supp.2d 817, 821–23 (E.D.Mich.2001); *Levan v. United States*, 128 F.Supp.2d 270, 275–78 (E.D.Pa.2001); *Panoke v. United States*, — F.Supp.2d —, 2001 WL 46941, at *2–3 (D.Hawai'i Jan.5, 2001); *United States v. Gibbs*, 125 F.Supp.2d 700, 703–07 (E.D.Pa.2000); *Klein v. United States*, 125 F.Supp.2d 460, 466–67 (D.Wyo. 2000); *Ware v. United States*, 124 F.Supp.2d 590, 593–600 (M.D.Tenn.2000); *United States v. Johnson*, 126 F.Supp.2d 1222, 1224–27 (D.Neb.2000); *West v. United States*, 123 F.Supp.2d 845, 846–47 (D.Md.2000), *aff'd*, 246 F.3d 671, 2001 WL 208508 (4th Cir.2001) (Unpublished table text); *United States v. Pittman*, 120 F.Supp.2d 1263, 1267–71 (D.Or.2000); *see also Jones v. Smith*, 231 F.3d 1227, 1236–38 (9th Cir.2000) (Holding *Apprendi* not retroactive to the facts of the section 2254 petition before the court); *but see United States v. Hernandez*, 137 F.Supp.2d 919 (N.D.Ohio 2001) (Holding that *Apprendi* does apply retroactively to initial section 2255 petitions); *United States v. Murphy*, 109 F.Supp.2d 1059, 1063–64 (D.Minn. 2000) (same). The Court follows the reasoning of this majority and holds that *Ap-*

---

**3.** In *Sustache–Rivera v. United States*, 221 F.3d 8 (1st Cir.2000), the First Circuit held that, in the context of a second or successive section 2255 petition, the rule in *Apprendi* did not apply retroactively. Under the recent amendments to section 2255, a prisoner may bring a second petition for "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C.A. § 2255.

The situation in the case before the Court presents a different issue. Here, Vázquez would have the one-year limitations period for filing an *initial* claim start to run on the

date of the *Apprendi* opinion. Section 2255 provides that the one-year period for an initial claim will start on the date that a right is first recognized by the Supreme Court "if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See id.* As discussed above, the Court sides with the majority of courts that have held that *Apprendi* is not retroactive for an initial section 2255 petition. Thus, it is unnecessary to delve into what difference, if any, there is between the retroactivity standards for an initial section 2255 petition and for a second one.

*prendi* is not retroactive for an initial section 2255 petition. Therefore, Vázquez' claims based on *Apprendi* are time-barred as well.[4]

WHEREFORE, Vázquez's petition is hereby denied. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

---

4. Even if *Apprendi* applied retroactively, its rule would provide no succor to Vázquez. The Supreme Court's holding in that case only applies when a defendant's sentence exceeds the statutory maximum. *United States v. Robinson*, 241 F.3d 115, 121 (1st Cir.2001); *United States v. Baltas*, 236 F.3d 27, 41 (1st Cir.2001). In the present case, Vázquez plead guilty to count two of the second superseding indictment, which charged him with violating 21 U.S.C. §§ 952(a) and 963. His plea agreement stipulated to the Government's version of facts which stated that Vázquez participated regularly in a conspiracy to import "multi-kilogram amounts" of heroin. Crim. no. 98–189(HL), docket no. 385. As such, his statutory maximum sentence was life. *See* 21 U.S.C. § 960(b)(1) (West 1999). Therefore, the ruling in *Apprendi* is not applicable to his situation.