

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-15-2006

# USA v. Dair

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1349

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Dair" (2006). *2006 Decisions*. Paper 1424.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1424

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-1349

———

USA

v.

JOHN DAIR,
a/k/a
JB,
a/k/a
JOHN BOYD,
a/k/a
JOHN BOY

John Dair,
Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 02-cr-00172-12)
District Judge: The Honorable Stewart Dalzell

———

Submitted Under Third Circuit LAR 34.1(a)
March 2, 2006

Before: SLOVITER and FUENTES, Circuit Judges and
RESTANI*, Judge.

_____

*   Honorable Jane A. Restani, Chief Judge of the United
States Court of International Trade, sitting by designation.

OPINION OF THE COURT

———

FUENTES, <u>Circuit Judge</u>.

This is a sentencing appeal following a plea of guilty. Appellant John Dair challenges his 325-month sentence imposed based upon the role he played in a large drug conspiracy. Specifically, he alleges that the District Court erred in making certain findings of fact at sentencing, that his sentence is unreasonable in light of <u>United States v. Booker</u>, 543 U.S. 220 (2005), and that the District Court abused its discretion at sentencing by denying a motion to re-weigh the amount of crack cocaine seized. For the reasons stated herein we reject all three of these claims and affirm the sentence imposed by the District Court.

## I.    **Background**

Because we write only for the parties, we offer only a cursory outline of the facts. Dair was charged in connection with his participation in the Courtney Carter Narcotics Organization, which was responsible for drug trafficking and related activity in a number of locations, including Philadelphia, Western Pennsylvania and Delaware. All told thirty-seven individuals were charged in this conspiracy, which spanned from 1997 through 2002 and distributed approximately 400 kilograms of cocaine base and 600 kilograms of cocaine over that period.

Dair was a member of the conspiracy between 1997 and 1999, during which time

he sold cocaine and worked as a driver. As a result, he was charged with conspiracy to distribute more than 50 grams of cocaine base and more than five kilograms of cocaine in violation of 21 U.S.C. § 846, distribution of 50 grams or more of cocaine base in violation of 21 U.S.C. § 841, and distribution of 50 grams or more of cocaine base within 1000 feet of a school in violation of 21 U.S.C. § 860. The day of his trial, Dair pled guilty to all three charges. Pending sentencing, the terms of Dair's pre-trial release were continued, and he remained free on bail. Before Dair could be sentenced, however, he sold crack to an undercover agent, which resulted in the revocation of his pre-sentence release.

The pre-sentence report recommended a total offense level of 37 and a criminal history category of III, yielding a Sentencing Guidelines range of 262-327 months. The report's offense level of 37 arose in part from a 2-level downward departure based upon Dair's Acceptance of Responsibility. In light of Dair's pre-sentencing crack sale, however, the District Court declined to grant the recommended 2-level departure and sentenced Dair at offense level 39. At this level, Dair's criminal history category remained at III, but the applicable Guidelines range increased to 324-405 months. In a post-Booker proceeding, the District Court sentenced Dair to 325 months in prison, near the bottom of this range. This challenge to the District Court's sentence followed.

## II.    Discussion

### A.    District Court's Findings of Fact

Dair first claims that the District Court erred in its findings of fact, specifically as to the amount of drugs it attributed to him. Notwithstanding his pleading guilty to being a

3

member of the conspiracy, Dair argues that he was never responsible for the large sum of drugs that informed his sentence, namely 150 kilograms of cocaine and 1.5 kilograms of cocaine base. We review the District Court's findings of fact under the clear error standard. United States v. Butch, 256 F.3d 171, 177 (3d Cir. 2001). Under that standard, Dair's claim must fail.

Dair pled guilty under 21 U.S.C. § 846, which reads, "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." Thus, Dair's pleading to membership in the conspiracy subjects him to penalties based upon not just the quantity of drugs he handled, but the quantity handled by the entire conspiracy. As detailed in Dair's pre-sentence report, the conspiracy handled approximately 600 kilograms of cocaine and 400 kilograms of cocaine base, far in excess of the 150 and 1.5 kilograms of these drugs, respectively, underlying Dair's Guidelines range.

Moreover, the District Court was well aware of the extent of this conspiracy, as he conducted all of the trials relating to the conspiracy and presided over these cases for a total of eighty-five trial days. In our view, it was not improper for the District Court to employ the knowledge it had gleaned from the other conspiracy-related proceedings in order to determine its scale. See United States v. Reynoso, 254 F.3d 467, 474 (3d Cir. 2001) (noting that a sentencing court may rely on evidence from another proceeding so long as it makes available to counsel transcripts from the relevant proceedings and

4

provides enough time for counsel to examine them).  Deferring to the District Court as we must, we see no clear error in its determination of the amounts of cocaine and cocaine base the conspiracy controlled, for purposes of Dair's sentencing.

### B.    Unreasonableness in Light of <u>Booker</u>

As mentioned above, the District Court sentenced Dair after <u>Booker</u>.  Dair claims that in light of that case, his sentence of 325 months was unreasonable.  We recently established our test for the reasonableness of a post-<u>Booker</u> sentence in <u>United States v. Cooper</u>, 437 F.3d 324 (3d Cir. 2006).  To determine the reasonableness of a sentence, "we must first be satisfied the court exercised its discretion by considering the relevant factors."  <u>Id.</u> at 329.  Pursuant to 18 U.S.C. § 3553(a), the relevant factors are:

> (1) the nature and circumstances of the offense and the history and
>     characteristics of the defendant;
> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the
>         law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational
>         training, medical care, or other correctional treatment in the most
>         effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the
>     applicable category of offense committed by the applicable category of
>     defendant as set forth in the guidelines . . . .

<u>Id.</u>  In addition to the factors listed in <u>Cooper</u>, § 3553(a) also requires that courts consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6).  Though the

5

"record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors," it need not "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." Cooper, 437 F.3d at 329. Guided by our holding in Cooper and in light of the deference we owe the District Court, we are satisfied that Dair's sentence was not unreasonable.

In its analysis of the § 3553(a) factors, the District Court conducted an extensive colloquy during which it addressed specifically the justice of the sentence, its deterrent effect and protection of society. The District Court also factored in the characteristics of the defendant, noting Dair's remorsefulness and family responsibilities before sentencing him. Finally, as discussed above, the District Court calculated Dair's Guidelines range, pursuant to its statutory obligation. In short, the District Court fulfilled its duty under Cooper to give due consideration to the relevant § 3553(a) factors.

Our inquiry does not end there, however. In addition to ensuring that the District Court considered the § 3553(a) factors, "we must also ascertain whether those factors were reasonably applied to the circumstances of the case. In doing so, we apply a deferential standard, the trial court being in the best position to determine the appropriate sentence in light of the particular circumstances of the case." Id. at 330. We are particularly satisfied that the trial judge here is in the best position to determine Dair's sentence, as he is the judge most familiar with the intricacies of the Courtney Carter Narcotics Organization. Based on these additional considerations, we remain satisfied with the reasonableness of Dair's sentence.

6

## C. Denial of the Motion to Re-weigh

Dair finally asserts that the District Court's denial of his motion to re-weigh the drugs recovered from a sale he made in 1998 was improper. The denial of a motion to re-weigh is subject to the abuse of discretion standard. United States v. Orozco-Rodriguez, 60 F.3d 705, 707 (10th Cir. 1995). The drugs in question served as the basis for the distribution of cocaine base and distribution of cocaine base within 1000 feet of a school counts to which Dair pled guilty. It is undisputed that Dair committed both of these acts. Though Dair disputes the amount of cocaine base he sold in 1998–and though Dair's counsel reserved the right to have its weight recalculated prior to Dair's plea–the actual weight played no role in his ultimate sentence. This is because, in calculating his Guidelines range, the pre-sentence report incorporated the distribution and distribution within 1000 feet of a school counts into the conspiracy count to which Dair pled guilty. Pre-sentence report at para. 195. While it is true that Dair's sale of cocaine base within 1000 feet of a school resulted in a 1-point increase in his offense level, id. at para. 197, the only weight relevant to his Guidelines range was the weight of cocaine and cocaine base handled by the conspiracy as a whole. Put simply, the weight of the drugs recovered after the 1998 sale had no effect on Dair's sentence. Accordingly, the District Court did not abuse its discretion in denying Dair's motion to re-weigh.

## III. Conclusion

For the foregoing reasons, we affirm Dair's sentence in its entirety.

7