**IN THE UNITED STATES COURT OF APPEALS**

**Filed 4/10/96**

**FOR THE TENTH CIRCUIT**

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | No. 95-5028 |
| v. | ) | (D. C. No. 94-CR-55-1-E) |
| | ) | (N. D. Okla.) |
| ALONZO KAVEN STEWART, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL, HOLLOWAY,** and **KELLY,** Circuit Judges.

Defendant-Appellant Alonzo Kaven Stewart appeals from a judgment of conviction for possession of a firearm after former conviction of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

**I**

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On November 2, 1993, Officer Larry Exendine of the Tulsa Police Department responded to a call that there had been a shooting at the Morning Star Apartments in Tulsa. While attempting to locate the shooter, Exendine received information from a fellow officer indicating that two men were seen running across the apartment complex. Exendine went in that direction, stopped, and concealed himself behind the corner of a building. He saw two men running towards him. He drew his weapon and ordered them to stop. He observed one of the men, later identified as Stewart, throw a small, shiny chrome and white object into a bush. A gun was later retrieved from that area. Stewart was indicted for possession of a firearm after former conviction of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was found guilty by a jury verdict on September 26, 1994, and on February 3, 1995 was sentenced to 100 months' imprisonment, 3 years' supervised release, a $2,000 fine, and a $50 special assessment.

## II

Stewart raises only one issue on this appeal -- whether his right to a fair trial was violated by improper remarks in the prosecutor's closing argument and the district court's failure to give a curative instruction. During trial it was stipulated that Stewart

> is one and the same person who had been previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, that is receipt and possession of a firearm after former conviction of a felony on June 1, 1989, . . ; second degree burglary on April 26, 1988, . . .; and second degree burglary on August 21, 1987 . . . .

V R. at 124. During its rebuttal argument, the prosecution stated that "He [Stewart] knows

the consequences of possessing a firearm after former conviction of a felony. He knows the gun needs to be gotten rid of." Id. at 163.

Stewart argues that this statement violated Fed. R. Evid. 404(b) (evidence of other crimes is not admissible to prove the character of a person in order to show action in conformity therewith) and that, therefore, "the district court should have given the jury a limiting instruction, sua sponte, that the prior convictions of defendant Stewart could only be used to prove defendant Stewart had previously been convicted of a crime punishable by imprisonment for a term exceeding one year and for no other purpose." Brief for Defendant-Appellant at 12-13. Stewart argues that because the jury did not receive a limiting instruction, "the risk was great that defendant Stewart was convicted on the inference that he was acting in conformity with his past misconduct rather than upon the governments' [sic] proof beyond a reasonable doubt." Id. at 13.

Defense counsel objected to neither the prosecutor's allegedly improper remark nor the district court's failure to give a limiting instruction. Nor did defense counsel request a curative instruction. Thus, we review only for plain error. See United States v. Young, 470 U.S. 1, 6 (1985) (review of prosecutor's comments not objected to by defense counsel); United States v. Simmonds, 931 F.2d 685, 687 (10th Cir.) (standard of review when defendant fails to object to the jury instructions at the time of trial), cert. denied, 502 U.S. 840 (1991). Plain error is fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done. United States v. Lonedog, 929 F.2d 568,

570 (10th Cir. 1991). An error is plain if it is obvious or otherwise seriously affects the fairness, integrity or public reputation of judicial proceedings. Simmonds, 931 F.2d at 687. The error must be "so 'plain' [that] the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it." United States v. Frady, 456 U.S. 152, 163 (1982). A criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone. United States v. Patterson, 20 F.3d 809, 817 (10th Cir.), cert. denied, 115 S. Ct. 128 (1994).

There was no fundamental miscarriage of justice which would justify upsetting Stewart's conviction. The alleged prosecutorial misconduct was one statement which may have been an improper indirect reference to Stewart's prior conviction for possessing a firearm after former conviction of a felony. However, it may also have been a proper invited response to the defendant's closing. As the government notes, the defense attacked the credibility of the testimony of Officer Exendine and another witness, Jason Perkins, about Stewart's possession of the firearm. In rebuttal, the government could argue that their testimony was credible by arguing that Stewart, an admitted prior felon, knew that he would be in trouble if he were caught with a gun and thus had reason to throw it in the bushes.

From the prosecutor's statement it could reasonably be inferred by the jury that the prosecution simply meant that Stewart knew he would get in trouble for having a gun and thus had reason to ditch it. This seems a fair inference and possibly more likely that an inference that the jury would convict on the basis of an indirect character evidence. As the

4

government points out, it never suggested that Stewart tossed the firearm because he was acting in conformity with his prior conduct. Moreover, it is very doubtful that the remark had such a prejudicial effect as the defense suggests. It was one brief statement in rebuttal. When viewed in the context of the arguments and the trial as a whole, any prejudicial effect was too slight to rise to the level of manifest injustice or plain error. Furthermore, the fact of Stewart's prior conviction for possessing a firearm after former conviction of a felony was already before the jury, through the stipulation read to it. Thus, the comment of the prosecutor did not reveal a previously undisclosed conviction.

In sum, the statement was not so unfairly prejudicial that the trial judge and prosecutor were derelict in countenancing it, even without the defendant's timely assistance in detecting it. See Frady, 456 U.S. at 163. Even assuming the comment was improper, based on our examination of the closing argument we are convinced that any prejudicial effect was too slight to rise to the level of manifest injustice or plain error. Accordingly, the judgment is **AFFIRMED**.

Entered for the Court,


William J. Holloway, Jr.
United States Circuit Judge
