# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1291

_____

Deshaun Raffles Murphy,                    *
                                           *
   Petitioner - Appellee,                  *
                                           *  Appeals from the United States
   v.                                      *  District Court for the
                                           *  District of Minnesota.
United States of America,                  *
                                           *
   Respondent - Appellant.                 *


_____

No. 01-1415

_____

Deshaun Raffles Murphy,                    *
                                           *
   Petitioner - Cross-Appellant,           *
                                           *
   v.                                      *
                                           *
United States of America,                  *
                                           *
   Respondent - Cross-Appellee.            *

Submitted:  October 2, 2001

Filed:  October 12, 2001

_____

Before LOKEN, JOHN R. GIBSON, and MURPHY, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

The United States appeals from an order of the district court partially granting Deshaun Murphy's petition under 28 U.S.C. § 2255 (Supp. IV 1998) for collateral relief from his sentence. The district court held that Murphy's 1996 sentence for drug trafficking offenses violated Apprendi v. New Jersey, 530 U.S. 466 (2000), because the issues of drug quantity and type were not submitted to the jury at his trial. Since this court recently determined in United States v. Moss, 252 F.3d 993 (8th Cir. 2001), that Apprendi does not apply retroactively on collateral review, we reverse the district court's order, vacate Murphy's sentence, and remand for reimposition of his original sentence.

I.

Murphy was convicted on June 21, 1996, of multiple counts arising from a conspiracy to traffic in crack cocaine.[1] The district court found that Murphy was responsible for between 500 and 1500 grams of crack cocaine and sentenced him to 300 months of imprisonment on three drug counts and a consecutive term of sixty months on a related firearms count. This court affirmed Murphy's conviction and sentence on appeal, United States v. Davis, 154 F.3d 772 (8th Cir. 1998), cert. denied, 525 U.S. 1169 (1999).

_____

[1] Murphy was convicted of conspiracy to distribute and possess with intent to distribute cocaine base; use of a minor to assist in conspiracy to distribute and possess with intent to distribute cocaine base; aiding and abetting possession with intent to distribute cocaine base; and aiding and abetting the use or carrying of a firearm during and in relation to a drug trafficking crime. See 18 U.S.C. §§ 2, 924(c); 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 861(a)(1).

-2-

Murphy then filed an initial Section 2255 petition arguing that his sentence violated his Fifth and Sixth Amendment rights. Citing dicta in Jones v. United States, 526 U.S. 227 (1999), Murphy argued that the district court acted unconstitutionally by using drug type and quantity to increase his punishment above the statutory maximum despite the absence of jury findings on those issues. After Murphy filed his petition, the U.S. Supreme Court decided Apprendi, which converted Jones's dicta into a constitutional rule: any fact (except a prior conviction) that increases the penalty for a crime above the statutory maximum must be proved to a jury beyond a reasonable doubt. 530 U.S. at 490.

The district court held the portion of Murphy's sentence attributable to drug quantity and type unconstitutional under Apprendi and resentenced him accordingly. See United States v. Murphy, 109 F. Supp. 2d 1059, 1065 (D. Minn. 2000). While noting that new rules of constitutional law are normally not retroactive on collateral review, Teague v. Lane, 489 U.S. 288 (1989), the district court concluded that Apprendi fell under the narrow Teague exception for watershed rules of procedure implicating the fundamental fairness and accuracy of a criminal proceeding, and could therefore be applied retroactively. Murphy, 109 F. Supp. 2d at 1063-64. The government appealed.

While this case was pending before us, another panel of this court decided Moss, which held that Apprendi may not be applied retroactively to initial Section 2255 petitions, the precise issue in this case. Moss, 252 F.3d at 1000. We agree with the government that Moss is fatal to Murphy's claim for relief under Apprendi and disposes of this appeal. Absent rehearing en banc or contrary word from the Supreme Court, we are bound by the Moss panel's decision. See United States v. Reynolds, 116 F.3d 328, 329 (8th Cir. 1997). Accordingly, we reverse the district court's order granting Murphy partial relief from his sentence, vacate his current sentence, and remand for restoration of the original sentence.

## II.

Murphy cross-appeals a later order of the district court that effectively took away what his <u>Apprendi</u> victory had gained. Upon the government's motion for reconsideration, the district court restored Murphy's overall punishment to its previous length by applying Murphy's remaining sentences consecutively, pursuant to U.S.S.G. § 5G1.2(d). Murphy argues that this second resentencing was improper because the government's motion was untimely. Our resolution of the <u>Apprendi</u> issue has led us to vacate the reduced sentence whose upward adjustment Murphy is appealing, so his cross-appeal is moot.

***

We reverse the order of the district court, vacate Murphy's sentence, and remand to the district court for restoration of his original sentence. Murphy's cross-appeal is dismissed as moot.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.