UNITED STATES of America,
Plaintiff,

v.

Dana NELSON, Defendant.

Crim. No. 89–20081–06–KHV.
Civ. No. 01–3264–KHV.

United States District Court,
D. Kansas.

Nov. 7, 2001.

Leon J. Patton, Office of United States Attorney, Kansas City, KS, for Plaintiff.

Dana Nelson, Oakdale, LA, Pro se.

### MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter comes before the Court on defendant's the Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. # 524) filed June 28, 2001. For reasons set forth below, defendant's motion is overruled.

### Factual Background

On October 18, 1989, a grand jury returned a sixteen-count indictment. See Indictment (Doc. # 55). Count 1 charged defendant with conspiracy to possess cocaine base with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Count 6 charged defendant with possession of cocaine base with the intent to distribute within 1000 feet of a public school in violation of 21 U.S.C. § 845a(a) (now codified at 21 U.S.C. § 860).

On January 4, 1990, a jury convicted defendant on Counts 1 and 6. See Verdict (Doc. # 192) filed January 4, 1990. The Court did not require the jury to make any finding as to the drug quantities involved in each count. At sentencing, the Court enhanced defendant's sentence two levels for possession of a firearm and two levels for obstruction of justice. See Transcript Of Sentencings Of William Daniel Nelson, Harvey D. Curry, Dana Nelson, Burlon Davis and James Moss (Doc. # 334) filed

June 29, 1990 at 31–32. The Court predicated defendant's base offense level on 500 grams of cocaine base.[1] See id. at 29–30. Defendant's total offense level was 40, with a criminal history category I, resulting in a sentencing range of 292 to 365 months. See id. at 33–34. On each count, the Court sentenced defendant to a term of imprisonment of 292 months and a term of supervised release of six years, to be served concurrently. See Judgment Including Sentence (Doc. # 263) filed April 11, 1990. Defendant appealed his conviction and the Tenth Circuit affirmed. See *United States v. Nelson*, 941 F.2d 1213, 1991 WL 163061 (10th Cir. Aug. 23, 1991), cert. denied, 502 U.S. 1044, 112 S.Ct. 902, 116 L.Ed.2d 803 (1992).

On June 28, 2001, defendant filed the instant motion pursuant to 28 U.S.C. § 2255. Defendant claims that his conviction should be vacated and that he should be resentenced in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In particular, defendant argues that the jury, not the Court, should have determined the amount of cocaine base, whether defendant possessed a firearm, and whether he obstructed justice.

### Analysis

### I. Procedural Bar

### A. Whether Defendant's Claim Is Precluded By Teague

The Court first examines whether Apprendi applies to cases on collateral review. Under *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), only two types of new rules may be applied retroactively to cases on collateral review: (1) a rule which places "certain kinds of primary, private individual conduct beyond the power of the criminal law-

making authority to proscribe," and (2) a watershed constitutional rule of criminal procedure which requires the observance of "those procedures that ... are implicit in the concept of ordered liberty." *Id.* at 307, 311, 109 S.Ct. 1060 (quoting *Mackey v. United States*, 401 U.S. 667, 91 S.Ct. 1160, 28 L.Ed.2d 404 (1971)). A rule that qualifies under the "watershed" exception "must not only improve accuracy, but also 'alter our understanding of the bedrock procedural elements' essential to the fairness of a proceeding." *Sawyer v. Smith*, 497 U.S. 227, 242, 110 S.Ct. 2822, 111 L.Ed.2d 193 (1990) (quoting *Teague*, 489 U.S. at 311, 109 S.Ct. 1060). "The scope of the Teague exceptions must be consistent with the recognition that '[a]pplication of constitutional rules not in existence at the time a conviction became final seriously undermines the principle of finality which is essential to the operation of our criminal justice system.'" *Sawyer*, 497 U.S. at 242, 110 S.Ct. 2822 (quoting *Teague*, 489 U.S. at 309, 109 S.Ct. 1060).

■■■■ Apprendi clearly presents a "new" rule of constitutional criminal procedure. See *United States v. Heckard*, 238 F.3d 1222, 1234 (10th Cir.2001). The first Teague exception does not apply, however, because Apprendi did not place certain kinds of conduct beyond the power of the criminal law-making authority to proscribe. As to the second Teague exception for watershed rules of criminal procedure, numerous federal courts have held that Apprendi does not satisfy this exception. See *McCoy v. United States*, 266 F.3d 1245, 1254–55 (11th Cir.2001); *United States v. Moss*, 252 F.3d 993 (8th Cir. 2001); *United States v. Sanders*, 247 F.3d 139, 147 (4th Cir.2001), petition for cert. filed, No. 01–6715 (Oct. 9, 2001); *Jones v.*

---

**1.** Pursuant to U.S.S.G. § 2D1.4, Application Note 2, the Court approximated the quantity of cocaine base because "the amount of drugs seized or sold [did] not reflect the scale of the offense." See Transcript Of Sentencings (Doc. # 334) at 30.

*Smith*, 231 F.3d 1227, 1238 (9th Cir.2000); *United States v. Moss*, 137 F.Supp.2d 1249, 1252 (D.Kan.2001).[2]

The Court agrees with the reasoning of those courts which have found that Apprendi does not qualify as a watershed rule of criminal procedure. Apprendi announced two new rules of criminal procedure: (1) other than the fact of a prior conviction, the jury, not the judge, must determine any facts that increase the penalty for a crime beyond the statutory maximum and (2) the jury must find such facts beyond a reasonable doubt. See *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348. These rules do not alter our basic understanding of the bedrock procedural requirements essential to a fair proceeding (such as the right to counsel). See *Saffle v. Parks*, 494 U.S. 484, 495, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990) (citing *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), to illustrate type of rule within watershed exception); *Levan v. United States*, 128 F.Supp.2d 270, 278 (E.D.Pa. 2001) ("Shifting an element of the offense from jury to judge and utilizing a preponderance rather than a beyond a reasonable doubt standard does not implicate fundamental fairness or relate to the accuracy of the conviction or sentence."); see also *O'Dell v. Netherland*, 521 U.S. 151, 167, 117 S.Ct. 1969, 138 L.Ed.2d 351 (1997) (defendant's right to advise capital sentencing jury about parole eligibility not watershed rule); *Lambrix v. Singletary*, 520 U.S. 518, 539–40, 117 S.Ct. 1517, 137 L.Ed.2d 771 (1997) (defendant's right not to have jury consider certain aggravating circumstances not watershed rule); *Sawyer*, 497 U.S. at 244, 110 S.Ct. 2822 (proce-

dural enhancement to accuracy of capital sentencing announced in *Caldwell v. Mississippi*, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985) not watershed rule); *Andrews v. Deland*, 943 F.2d 1162, 1187 (10th Cir.1991) (constitutional right to lesser included offense instruction in capital cases not watershed rule), cert. denied, 502 U.S. 1110, 112 S.Ct. 1213, 117 L.Ed.2d 451 (1992).

In Teague, Justice O'Connor explained the extremely limited nature of the exception for watershed rules of criminal procedure:

> Finally, we believe that Justice Harlan's concerns about the difficulty in identifying both the existence and the value of accuracy-enhancing procedural rules can be addressed by limiting the scope of the second exception to those new procedures without which the likelihood of an accurate conviction is seriously diminished.

> Because we operate from the premise that such procedures would be so central to an accurate determination of innocence or guilt, we believe it unlikely that many such components of basic due process have yet to emerge. We are also of the view that such rules are "best illustrated by recalling the classic grounds for the issuance of a writ of habeas corpus—that the proceeding was dominated by mob violence; that the prosecutor knowingly made use of perjured testimony; or that the conviction was based on a confession extorted from the defendant by brutal methods." *Rose v. Lundy*, 455 U.S. 509, 544, 102 S.Ct. 1198, 1216–1217, 71 L.Ed.2d 379 (1982)

---

**2.** A few federal district courts and one state appellate court have held to the contrary. See *United States v. Shark*, 158 F.Supp.2d 43, 64 (D.D.C.2001); *Reynolds v. Cambra*, 136 F.Supp.2d 1071, 1088 (C.D.Cal.2001); *United States v. Hernandez*, 137 F.Supp.2d 919, 928 (N.D.Ohio 2001); *Darity v. United States*, 124

F.Supp.2d 355, 359–60 (W.D.N.C.2000); *United States v. Murphy*, 109 F.Supp.2d 1059, 1064 (D.Minn.2000), rev'd, 268 F.3d 599 (8th Cir.2001); *People v. Beachem*, 317 Ill.App.3d 693, 251 Ill.Dec. 308, 740 N.E.2d 389, 397 (2000).

(STEVENS, J., dissenting) (footnotes omitted).

*Teague,* 489 U.S. at 313–14, 109 S.Ct. 1060.

■ The Tenth Circuit has not decided whether *Apprendi* should be applied retroactively to cases on collateral review, but it has reviewed such claims on direct appeal only for "plain error." See *United States v. Keeling,* 235 F.3d 533, 538 (10th Cir. 2000), cert. denied, —— U.S. ——, 121 S.Ct. 2575, 150 L.Ed.2d 738 (2001). The plain error standard applies "[w]here the law was settled at the time of trial, [but] clearly contrary to the law on appeal." *Id.* The Tenth Circuit has noted that it will "exercise its discretion and notice such error where it either (a) results in the conviction of one actually innocent, or (b) seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (quotation marks, alteration, and citations omitted). Other Circuits have also reviewed *Apprendi* claims under a plain error or harmless error standard. See, e.g., *United States v. Parolin,* 239 F.3d 922, 930 (7th Cir.2001); *United States v. Baltas,* 236 F.3d 27, 40 (1st Cir.2001); *United States v. Kinter,* 235 F.3d 192, 198 (4th Cir.2000); *United States v. Gerrow,* 232 F.3d 831, 833 (11th Cir.2000), cert. denied, —— U.S. ——, 122 S.Ct. 75, —— L.Ed.2d —— (2001). The standard for plain error review (i.e. errors that seriously affect the fairness of a proceeding) is similar to the requirements of a watershed principle under Teague (i.e. rules that alter our understanding of procedural elements essential to the fairness of a proceeding). See *Pittman,* 120 F.Supp.2d at 1270–71. To date, very few cases have been reversed on direct appeal, which supports

the Court's conclusion here that *Apprendi* is not a "watershed" rule of criminal procedure.[3] See *id.*

## B. Failure To Raise Claim On Direct Appeal

■ Defendant's *Apprendi* claims also are procedurally barred because he failed to raise them on direct appeal. "[Section] 2255 is not available to test the legality of matters which should have been raised on appeal." *United States v. Allen,* 16 F.3d 377, 378 (10th Cir.1994) (quoting *United States v. Walling,* 982 F.2d 447, 448 (10th Cir.1992)). Defendant is precluded from raising issues in a Section 2255 petition which were not raised on direct appeal "unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *Allen,* 16 F.3d at 378. Defendant has not satisfied any of these exceptions.

■ To the extent defendant contends that he did not raise his *Apprendi* claim at trial or on direct appeal because of a lack of precedent, the Court finds that such an explanation does not constitute "cause" for his procedural default. The Court agrees substantially with the reasoning of the Seventh Circuit:

> Nonetheless, the lack of precedent for a position differs from "cause" for failing to make a legal argument. Indeed, even when the law is against a contention, a litigant must make the argument to preserve it for later consideration. See *Bousley v. United States,* 523 U.S. 614, 622–24, 118 S.Ct. 1604, 140 L.Ed.2d 828

---

3. The Court recognizes that in her dissent in *Apprendi,* Justice O'Connor stated that the ruling "will surely be remembered as a watershed change in constitutional law." *Apprendi,* 120 S.Ct. at 2380. The Court does not read this statement as a finding that *Apprendi* should be applied retroactively to cases on collateral review, particularly in light of Justice O'Connor's explanation in Teague of the limited scope of cases which fall within the "watershed" exception. See *Teague,* 489 U.S. at 313–14, 109 S.Ct. 1060.

(1998); *Engle*, 456 U.S. at 130 n. 35, 102 S.Ct. 1558 (that a legal argument would have been unpersuasive to a given court does not constitute "cause" for failing to present that argument). "Cause" means some impediment, and Smith does not contend that any outside force impeded his legal defense in 1992. (Nor does he contend that counsel was ineffective for failure to anticipate *Apprendi*; no such argument would be tenable.) The lack of any reasonable legal basis for a claim may constitute "cause," see *Reed v. Ross*, 468 U.S. 1, 16, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984), but the foundation for *Apprendi* was laid long before 1992. Other defendants had been making *Apprendi*-like arguments ever since the Sentencing Guidelines came into being, and in *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), the Court addressed on the merits an argument along similar lines. Smith could have invoked the themes in McMillan, and for that matter *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), just as the Justices themselves did in *Apprendi*. See *Garrott v. United States*, 238 F.3d 903 (7th Cir.2001). Thus Smith has not established cause; and for the same reason that he could not show plain error (if that were the right standard) he cannot show prejudice either.

*United States v. Smith*, 241 F.3d 546, 548–49 (7th Cir.2001); see *Sanders*, 247 F.3d at 145–46; *McCoy*, 266 F.3d 1245, 1258–59.

■ Defendant also has not demonstrated "prejudice," i.e. that the alleged error "worked to his actual and substantial disadvantage, infecting his entire [sentence] with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). As explained below, defendant's terms of imprisonment and supervised release would be identical if the Court applied *Apprendi* to his sentence. *Apprendi* would alter only defendant's sentence on Count 1, but that change would be immaterial because his terms of imprisonment and supervised release on Count 6 would remain the same. See infra, Section II. Accordingly, defendant cannot establish that the failure to let the jury decide certain sentencing issues worked to his actual and substantial disadvantage.

■ Finally, defendant has not satisfied the exception for a "fundamental miscarriage of justice." The Supreme Court has held that this exception applies only if one is actually innocent. See *Bousley*, 523 U.S. at 623, 118 S.Ct. 1604. Initially, the Court doubts that the actual innocence exception can be applied to noncapital sentences. See *United States v. Richards*, 5 F.3d 1369, 1371 (10th Cir.1993) ("a person cannot be actually innocent of a noncapital sentence"); *United States v. Glover*, 156 F.3d 1244, 1998 WL 476779, at *2 (10th Cir. Aug. 11, 1998) ("A claim that a defendant in a noncapital case should have received a lesser sentence, however, does not constitute a claim that he is actually innocent of the offense or that he did not commit the crime."). In any event, defendant has not shown that he is actually innocent of the charges which are the basis of the sentence enhancements. Here, after a trial and an evidentiary hearing on the issue, the Honorable Earl E. O'Connor thoroughly explained why he chose 500 grams as the amount of cocaine base to calculate defendant's base offense level. See Sentencing Memorandum (Doc. # 315) filed May 25, 1990 at 8–12. Indeed, Judge O'Connor noted that 500 grams was a conservative estimate and that the total easily exceeded 500 grams. See id. at 11; see also Presentence Report ¶¶ 44–46 (conspirators can be shown to have trafficked in more than 500 grams by any one of number of analyses). Likewise Judge O'Connor noted that sufficient evidence supported the enhancements for possession of

a firearm and obstruction of justice. See Transcript Of Sentencings (Doc. # 334) at 31–31; Sentencing Memorandum (Doc. # 315) at 12–15, 18–19; Presentence Report ¶ 47–53, 57, 61. Because defendant cannot show that no reasonable jury would have reached the same conclusion as the sentencing judge, he cannot establish that failure to review his claim would result in a fundamental miscarriage of justice.

Based on this additional procedural bar, defendant's motion is overruled.

## II. Relief Under Apprendi Absent A Procedural Bar

■ Even if the Court were to evaluate the merits of defendant's petition, defendant would be entitled to very limited relief—resentencing him on Count 1 to a term of imprisonment of 240 months. This relief would be immaterial because defendant's term of imprisonment of 292 months on Count 6 would remain unchanged. The standard of review of Section 2255 petitions is quite stringent. The court presumes that the proceedings which led to defendant's conviction were correct. See *Klein v. United States*, 880 F.2d 250, 253 (10th Cir.1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974).

On Counts 1 and 6, the Court sentenced defendant to a term of imprisonment of 292 months. On Count 1, defendant was charged and convicted by a jury under 21 U.S.C. § 841(a) and 21 U.S.C. § 846, which do not require a specific quantity of drugs as an element of the offense. Although defendant was also charged in Count 1 with possession of a certain amount of crack cocaine (a fact which the jury did not decide), the jury did find defendant guilty beyond a reasonable doubt on the necessary elements for a violation of 21 U.S.C. § 841(a) and 21 U.S.C. § 846. The statutory maximum for an offense under Sections 841(a) and 846 is 240 months. See 21 U.S.C. § 841(b)(1)(C); see also *United States v. Price*, 265 F.3d 1097, 1108 (10th Cir.2001) (if quantity of drugs not submitted to jury, defendant should be sentenced under § 841(b)(1)(C), which provides for maximum term of imprisonment of 240 months). If *Apprendi* applied retroactively, defendant would therefore be entitled to a reduction in his term of imprisonment on Count 1 from 292 months to 240 months.

On Count 6, defendant was charged and convicted by a jury under 21 U.S.C. § 845a(a) (now 21 U.S.C. § 860), which does not require a specific quantity of drugs. The statutory maximum for an offense under Section 845a(a) is 480 months. See 21 U.S.C. § 860(a) (maximum punishment under Section 860(a), formerly Section 845a(a), is twice the punishment authorized by Section 841(b)); 21 U.S.C. § 841(b)(1)(C) (maximum punishment for offense under Section 841(a)(1) is 240 months). Because defendant's term of imprisonment on Count 6 is less than the statutory maximum, it must stand under *Apprendi*.[4] The Tenth Circuit recently explained:

---

4. In addition, any *Apprendi* error is moot because under U.S.S.G. § 5G1.2(d), to the extent that consecutive terms would be necessary to satisfy the minimum guideline term of 292 months imprisonment, the Court would be required to run consecutively any sentence of imprisonment on Counts 1 and 6. See *Price*, 265 F.3d at 1109; U.S.S.G. § 5G1.2(d) ("If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects sentences on all counts shall run concurrently, except to the extent otherwise required by law.").

we find that the indictment was legally sufficient and that [defendant's] sentence, because it falls within the minimum statutory range set forth in 21 U.S.C. § 841(b)(1)(C), is supported by the facts alleged and proven. In so doing, we join several of our sister circuits, which have made similar findings. For example, the Fifth Circuit has held that where a defendant is charged under 21 U.S.C. § 841(a), found guilty beyond a reasonable doubt, and sentenced within the minimum statutory range of 0–20 years, there is no *Apprendi* violation for a failure to charge and prove the amount of drugs involved. Further, the court held that, where a non-jury factual determination is used to enhance a sentence within the minimum statutory range, *Apprendi* is not violated. *United States v. Meshack*, 225 F.3d 556, 576 (5th Cir.2000); accord *United States v. Hernandez Guardado*, 228 F.3d 1017, 1027 (9th Cir.2000) (holding that a fact enhancing a defendant's sentence within a minimum statutory range does not trigger *Apprendi* and need not be decided by a jury applying the reasonable doubt standard); *United States v. Corrado*, 227 F.3d 528, 542 (6th Cir.2000) (same); *United States v. Aguayo–Delgado*, 220 F.3d 926, 933–34 (8th Cir.2000) (holding that it is not a violation of *Apprendi* for a judge-found fact to alter a defendant's sentence for violating 21 U.S.C. § 841(a) so long as that alteration remains within the minimum statutory range established by 21 U.S.C. § 841(b)(1)(C)).

*United States v. Thompson*, 237 F.3d 1258, 1262 (10th Cir.2001); see *United States v. Sullivan*, 255 F.3d 1256, 1265 (10th Cir. 2001) (*Apprendi* "does not apply to sentencing factors that increase a defendant's guideline range but do not increase the statutory maximum").

*Apprendi* also would not afford defendant any relief on his term of supervised release. On each count, the Court sentenced defendant to a term of supervised release of six years, with the sentences to be served concurrently. See Transcript Of Sentencing (Doc. # 334) at 34–36. At the time of sentencing, the Sentencing Guidelines provided: "[i]f a defendant is convicted under a statute that requires a term of supervised release, the term shall be at least three years but not more than five years, or the minimum period required by statute, whichever is greater." U.S.S.G. § 5D1.2(a) (1989). On Count 1, absent a jury finding beyond a reasonable doubt of a certain quantity of drugs, the minimum term of supervised release is three years and the maximum term is five years. See *United States v. Orozco–Rodriguez*, 60 F.3d 705, 707–08 (10th Cir.1995). If *Apprendi* applied retroactively, defendant would therefore be entitled to a reduction in his term of supervised release on Count 1 from six years to five years. On Count 6, however, the minimum term of supervised release provided by statute is six years. See 21 U.S.C. § 860 (now § 845a(a)). Defendant therefore would not be entitled to a reduction in his term of supervised release on Count 6.

In sum, defendant's request for relief based on *Apprendi* is barred because the rules announced in *Apprendi* do not apply retroactively to cases on collateral review and defendant did not raise an *Apprendi*-type challenge at trial or on direct appeal.

### III. Relief Under Rule 12(b)(2), Fed. R.Crim.P.

 Defendant argues that the indictment is void under Rule 12(b)(2), Fed. R.Crim.P. because it does not charge him with all of the elements of the offense including the amount of cocaine base attributed to him in the presentence report, possession of a weapon or obstruction of justice. "Pursuant to Fed.R.Crim.P.

12(b)(2), a defendant's objection that the indictment fails to charge an offense shall be noticed by the court at any time during the pendency of the proceedings." *United States v. Gama–Bastidas*, 222 F.3d 779, 785 (10th Cir.2000) (internal quotation omitted). The Tenth Circuit has noted that Rule 12(b)(2) cannot be invoked as the basis for a motion after the judgment and sentence have been entered. See *United States v. Stewart*, 2001 WL 913783, at *1, 18 Fed.Appx. 684 (10th Cir. Aug. 14, 2001). In such circumstances, the Court treats the motion as one under 28 U.S.C. § 2255. See id.

As explained above, in a Section 2255 motion, the Court presumes that the proceedings which led to defendant's conviction were correct. See *Klein*, 880 F.2d at 253. To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." *Davis*, 417 U.S. at 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974).

■ Defendant has not shown that he is entitled to relief. Count 1 identifies the necessary elements of a violation of 21 U.S.C. § 841(a)(1) and Count 6 identifies the necessary elements of a violation of 21 U.S.C. § 845a(a) (now 21 U.S.C. § 860). The specific amount of cocaine base involved, the fact that a firearm was involved and the fact that defendant obstructed justice were not required to be pled in the indictment, provided that the sentence was below the statutory maximum for the offenses which were properly charged. See *United States v. Prentiss*, 256 F.3d 971, 981 (10th Cir.2001) (failure of indictment to allege essential element of crime does not deprive district court of subject matter jurisdiction; rather, such failure is subject to harmless error review); cf. *United States v. Jones*, 235 F.3d 1231, 1236 (10th Cir.2000) ("The government asserts, and [defendant] does not deny, that 'the indictment indisputably stated an offense under

21 U.S.C. § 841(a).' ... The indictment also adequately alleged a violation of 21 U.S.C. § 841(b)(1)(C), and [defendant's] conviction under § 841(a) and (b)(1)(C) was sound. Rather, it is the sentence that was erroneous because it exceeded the statutory maximum for the offenses alleged in the indictment."). As explained above, the statutory maximum on Count 6 was 480 months and defendant's sentence of 292 months fell below that maximum. In these circumstances, *Apprendi* does not require that the underlying facts for sentencing enhancements be pled in the indictment. Rather, a sentencing judge may make these determinations under a preponderance of the evidence standard. See *McMillan*, 477 U.S. at 91–93, 106 S.Ct. 2411. The Eleventh Circuit recently explained that *Apprendi* does not necessarily require that an indictment allege a specific quantity of drugs:

> In sum, a defendant is not entitled to dismissal of a § 841 indictment that does not allege a specific drug quantity, whether that indictment was issued before or after *Apprendi*. Instead, whether a specific drug quantity is charged affects only the permissible statutory maximum sentence and not the sufficiency of a § 841 indictment. In the context of § 841, *Apprendi* involves error in sentencing and necessarily looks retrospectively, rather than prospectively, at whether the criminal procedures that culminated in the actual sentence pass constitutional muster.

*United States v. Sanchez*, 269 F.3d 1250, 1280 (11th Cir.2001). For these reasons, the indictment is not defective.

■ The files and records in this case conclusively show that defendant is not entitled to any relief. Accordingly, no evidentiary hearing or response by the government is required. No hearing is required where the factual matters raised by

defendant's Section 2255 petition may be resolved on the record before the Court. See *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir.1988).

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. # 524) filed June 28, 2001 be and hereby is **OVERRULED.** Pursuant to Rule 58, Fed.R.Civ.P., the Clerk is directed to enter judgment in accordance with this Memorandum And Order. The Clerk is further directed to send to defendant and the office of the United States Attorney a copy of the judgment and the docket sheet which reflects entry of judgment, and a copy of this Memorandum And Order.